UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUANDJU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN CRAWFORD, *et al*.,<br><br>　　　　　Defendants. | **Case No. 1:14-cv-01493-GSA**<br><br><br>**ORDER GRANTING MOTION TO STAY** |

　　On September 24, 2014, Plaintiff William Douandju ("Plaintiff") filed a complaint against a number of defendants associated with the U.S. Department of Homeland Security, the Federal Bureau of Investigation, and the U.S. Department of Justice. (ECF No. 1.) Plaintiff, a permanent resident of the United States, alleged that Defendants had failed to adjudicate his naturalization application in a timely fashion and asked the Court to review his petition for naturalization under 8 U.S.C. § 1447(b). On December 11, 2014, the U.S. Department of Homeland Security notified Plaintiff that it had initiated removal proceedings against him, with a hearing date and time to be determined. Defendants now move for a stay in the current action until the removal proceeding can be resolved. (ECF No. 17.) Plaintiff has not filed any opposition or statement of non-opposition to the motion.

　　A court "has the inherent authority to control its own docket and calendar." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). Courts can enter a stay in an action where the outcome of a

separate proceeding may have an impact on that action:

> . . . [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Id.* at 1119-20, *quoting Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). The applicable framework to determine whether a stay is appropriate requires the Court to examine "the competing interests which will be affected by the granting or refusal" of the stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) ("Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay").

Case law establishes that removal actions "take precedence over naturalization applications." *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1045 (9th Cir. 2004). In fact, the mere existence of a removal action may strip a court of the ability to make an ultimate determination concerning a simultaneously occurring naturalization action. *Ajlani v. Chertoff*, 545 F.3d 229, 239 (2d Cir. 2008), *citing De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir. 2004) ("the district court could not proceed to review the naturalization application itself, much less grant naturalization or even declare the applicant eligible for naturalization but for the pending removal proceedings").

Consequently, it is unlikely that Plaintiff would suffer any hardship or prejudice if the motion to stay is granted. Indeed, so long as the removal action is proceeding, the Court is entirely unable to approve his naturalization application. Depending on the outcome of the removal action, the current action may even be rendered moot, considerably simplifying this action. The balance of interests thus supports the stay.

Accordingly, Defendants' motion to stay this action pending the conclusion of Plaintiff's removal action is GRANTED. Defendants shall file a status report no later than December 15,

1 | 2015 apprising the Court of the progress of Plaintiff's removal proceedings.
2 |
3 | IT IS SO ORDERED.
4 | Dated:   **April 23, 2015**                     **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE