# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUANDJU,<br><br>  Plaintiff,<br><br>  v.<br><br>JONATHAN CRAWFORD, *et al*.,<br><br>  Defendants. | **Case No. 1:14-cv-01493-GSA**<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>(ECF No. 22) |

On December 15, 2014, Defendants moved to stay the present litigation while removal proceedings were pending against Plaintiff William Douandju ("Plaintiff"). (ECF No. 17.) The Court granted that motion on April 23, 2015. (ECF No. 21.) Plaintiff did not file any briefing in opposition to the motion to stay. On May 4, 2015, Plaintiff filed a motion to strike the motion to stay, asking that the Court "dismiss motion to stay [sic] by the Government" and to "clear the way for [Plaintiff] to be able to move to have the Attorney General terminate the removal proceedings pending against him." (Motion to strike 13:13-15, ECF No. 22.)

Plaintiff's Motion consists of two parts. The first part appears to be an opposition brief opposing Defendants' motion to stay. In the second part, Plaintiff seeks to establish his "good moral character" as it relates to the underlying merits of his case.

The underlying merits of Plaintiff's naturalization application are not relevant to the disposition of this Motion. To the extent the Motion constitutes an opposition brief to the motion

to stay, it is untimely and thus need not be considered.[1] *See* Local Rule 230(c); *Huey v. City of Vallejo*, No. 2:13-cv-00916-JAM-KJN, 2013 WL 6185525, at *1 (E.D. Cal. Nov. 26, 2013). To the extent it constitutes a motion for reconsideration of the order granting the motion to stay, it does not establish any "new or different facts or circumstances . . . which did not exist . . . upon such prior motion," nor does it establish good cause "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j); *Credit Bureau Connection, Inc. v. Pardini*, 726 F.Supp.2d 1107, 1132 (E.D. Cal. 2010) ("Nor is reconsideration to be used to ask the court to rethink what it has already thought"). Reconsideration is thus inappropriate here.

The Court has reviewed Plaintiff's Motion and has determined that it does not alter the Court's analysis with respect to the order granting the motion to stay (ECF No. 22). Plaintiff's Motion to Strike is DENIED.

IT IS SO ORDERED.

Dated:   **May 21, 2015**                    /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] To say nothing of the fact that it was submitted *after* the order had already been issued.