**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM DOUANDJU, | ) |
| | ) Case No.: 1:14-cv-1493 EPG |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER GRANTING DEFENDANTS'** |
| JONATHAN CRAWFORD, *et al.*, | ) **MOTION TO REMAND** |
| | ) |
| Defendants. | ) |
| | ) (Doc. 30) |
| | ) |

**I.   Introduction**

On September 24, 2016, Plaintiff, William Douandju ("Plaintiff"), appearing *pro se*, filed a complaint alleging Defendants Jonathan Crawford, *et al*., ("Defendants") failed to timely process his naturalization application ("N-600") and requests that the Court adjudicate the application pursuant to 8 U.S.C. § 1447(b). (Doc. 1). On June 27, 2016, Defendants filed a Motion to Remand Plaintiff's case to the United States Citizenship and Immigration Services ("USCIS") so that the agency may adjudicate the application.[1] (Doc. 30). Plaintiff did not file a written opposition to the motion, however, the Court held hearings on August 18, 2016 (Docs. 35-36) and on September 1, 2016 (Doc. 38). Government counsel and Plaintiff appeared

---

[1] This case was stayed several months (Doc. 21) because Plaintiff was placed in removal proceedings on December 11, 2104, which divested this Court of jurisdiction to adjudicate Plaintiff's naturalization application. *De Lara Bellajardo v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir. 2004) (when removal proceedings are pending, district courts retain only limited jurisdiction to review a denial of naturalization by USCIS, but not to adjudicate the merits of the petition in the first instance).

telephonically at both hearings and the Court heard oral argument.  Upon consideration of the pleadings and arguments, the Court GRANTS Defendants' motion.

**II.     Discussion**

Defendants argue that remand is appropriate, in part, because there is an outstanding issue regarding Plaintiff's identity.  At the time Plaintiff filed his application to become a legal permanent resident, he presented a birth certificate reflecting his date of birth as May 21, 1978. Later when applying for naturalization, he submitted a birth certificate indicating that his date of birth was May 21, 1985. *Declaration of Aggie Verboon*, Senior Immigration Services Officer, dated  August 30, 2016.   (Doc. 37-1).   Given the filing of two different birth certificates, the government argues that the agency is in the best position to adjudicate the application.  If the application is denied, Plaintiff may file another lawsuit in district court under 8 U.S.C. U.S.C. § 1421(c), and review of that agency denial would be *de novo*. The Court will have the benefit of the agency's decision in considering any appeal.  Plaintiff opposes the remand arguing that USCIS has taken too long to process his application and requests that the Court adjudicate his N-600 in the instant proceedings.

8 U.S.C. § 1447(b) grants the Court authority to make a judicial determination of naturalization or remand the matter to USCIS with instructions to adjudicate. 8 U.S.C. § 1447(b) (the court has jurisdiction over the matter and may remand the matter, with appropriate instructions, to the [USCIS] to determine the matter). The decision whether to remand is entirely within this Court's discretion. *U.S. v. Hovsepian*, 359 F.3d 1144, 1161 (9th Cir. 2004).  Given the unique circumstances presented here, the Court finds that remand to the agency is appropriate as USCIS is uniquely situated to apply its expertise in immigration matters to the adjudication of this application. *INS v. Orlando Ventura*, 537 U.S. 12, 17 (2002).

**III.     Order**

As outlined above, Defendant's Motion to Remand (Doc,. 30) is GRANTED.  Pursuant to 8 U.S.C. § 1447(b), the matter is remanded to USCIS with instructions to complete adjudication within 60 days from the date of this order.

USCIS is directed to file a status report advising the Court of the outcome of the adjudication, including a copy of any decision by **November 9, 2016**. All other deadlines are suspended until that date. A further status conference is set for **November 14, 2016, at 8:30 a.m**. The parties may appear telephonically. To do so, <u>each</u> party is directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453.

IT IS SO ORDERED.

Dated: **September 7, 2016**                    /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE